# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| WILLIAM G. WEST, Trustee, § | |
| Appellant, § | |
| § | **CIVIL ACTION NO. H-12-0913** |
| v. § | Bankruptcy Case No. 11-37886-H4 |
| § | |
| JOHN ROY CARLEW, Debtor, § | |
| Appellee. § | |

## MEMORANDUM AND ORDER

Trustee William G. West appeals from the United States Bankruptcy Court's March 9, 2012 Memorandum Opinion Regarding the Chapter 7 Trustee's Objection to Debtor's Claim of Exemption ("Opinion") [BR Doc. # 80]. Appellant filed his Brief [Doc. # 4] and Appellee/Debtor John Roy Carlew filed his Brief [Doc. # 6]. Appellant neither filed a Reply Brief nor requested additional time to do so. Having considered the parties' briefing, the designated bankruptcy record, and applicable legal authorities, the Court **affirms** the Bankruptcy Court's decision.

## I.   BACKGROUND

In September 2008, Debtor's home was damaged during Hurricane Ike. Debtor filed a claim under his insurance policy with Texas Windstorm Insurance Agency ("TWIA"). After TWIA refused to pay the insurance claim, Debtor filed a lawsuit that

was ultimately settled for $125,000.00, with a net payment to Debtor on July 11, 2011, of $73,353.98.

Two months later, on September 13, 2011, Debtor filed a voluntary Petition under Chapter 7 of the United States Bankruptcy Code.  Debtor listed the insurance proceeds as exempt under Texas Property Code §§ 41.001-.002.  The Trustee objected to the claimed homestead exemption.  The Trustee argued that Debtor waived his right to a homestead exemption for the insurance proceeds by failing to use them within six months to repair the home.[1]

Following a hearing on the Trustee's objection, the Bankruptcy Court issued its Opinion overruling the Trustee's objection.  The Bankruptcy Court held that the six-month requirement applied only to funds received from the sale of a homestead, not to insurance proceeds.  The Trustee filed a timely Notice of Appeal.

## II.   STANDARD OF REVIEW

The Court reviews a bankruptcy judge's conclusions of law *de novo* and findings of fact under the "clearly erroneous" standard.  *In re Idearc, Inc.*, 662 F.3d 315, 318 (5th Cir. 2011).  Mixed questions of law and fact are reviewed *de novo*.  *In*

---

[1] The Trustee argued also that the proceeds were paid in settlement of a lawsuit in which Debtor asserted several causes of action and, as a result, the proceeds must be apportioned among the various claims. The Bankruptcy Court rejected the Trustee's argument, and the Trustee does not appeal that aspect of the Bankruptcy Court's ruling.

re *ASARCO, L.L.C.*, 650 F.3d 593, 601 (5th Cir. 2011). "This Court may affirm if there are any grounds in the record to support the judgment, even if those grounds were not relied upon by the courts below." *In re Scotia Pacific Co., LLC*, 508 F.3d 214, 218-19 (5th Cir. 2007) (quoting *Bonneville Power Admin. v. Mirant Corp. (In re Mirant Corp.)*, 440 F.3d 238, 245 (5th Cir. 2006)).

### III. ANALYSIS

The parties agree that, under long-standing Texas law, the proceeds of an insurance policy take the place of the property that was lost. *See Swayne v. Chase*, 88 Tex. 218, 225, 30 S.W. 1049, 1052 (Tex. 1895). Additionally, there is no longer an argument on appeal that the approximately $73,000.00 paid to Debtor in this case in settlement of his lawsuit against TWIA must be apportioned between the claim for insurance proceeds and the other claims in the lawsuit. As a result, there is no dispute that the $73,000.00 constituted exempt property on the date the Chapter 7 petition was filed.

The Trustee argues that the exemption terminated on January 11, 2012, because Debtor did not reinvest the proceeds to make repairs to his home within six months after receiving those funds. Section 41.001 of the Texas Property Code provides that a "homestead claimant's proceeds of a sale of a homestead are not subject to seizure for a creditor's claim for six months after the date of sale." TEX. PROP. CODE

§ 41.001(c). The Bankruptcy Court rejected the Trustee's reliance on § 41.001, noting that the provision refers only to proceeds from "a sale of a homestead." *See* Opinion, p. 15 (citing *England v. Federal Deposit Ins. Corp.*, 975 F.2d 1168, 1174 (5th Cir. 1992)).

In *England*, a Chapter 7 debtor who claimed a ranch as his homestead claimed also that the proceeds from the sale of his *prior* homestead were exempt property. The Fifth Circuit noted that the "drafters of the exemption statute would have unambiguously mandated that proceeds of both [a homestead and a former homestead] be exempt, if that indeed is what they intended." *England*, 975 F.2d at 1173. The *England* Court found that the drafters did not do so and, instead, "the plain language of section 41.001(c) clearly and ambiguously exempts only the proceeds of the sale of [a] homestead." *Id.* at 1174.

Although the Fifth Circuit in *England* was faced with a claimed exemption to the proceeds from the sale of a former homestead, its analysis is equally applicable to this appeal. The drafters of § 41.001(c) could easily have provided that insurance proceeds are protected for only six months after they are received, but they did not do so. Instead, the legislature provided only that the homestead exemption for proceeds from the ***sale*** of a homestead are protected for the limited six-month period after the sale.

The clear and unambiguous language of § 41.001(c) is consistent with prior Texas case law. "It has been definitely held by our Supreme Court that money due upon an insurance policy on the homestead is exempt by virtue of that provision of the [Texas] Constitution which exempts the homestead." *Johnson v. Hall*, 163 S.W. 399, 402 (Tex. Civ. App. - Texarkana 1913). The Texas Court reasoned that proceeds from an insurance policy for damage to the homestead "is not in all respects the same as money realized from the sale of the homestead." *Id.* at 404. This is true because the conversion of the homestead to money is voluntary when the homestead is sold, but where insurance money is collected, the conversion to money is involuntary. *See id.* Therefore, the "proceeds from the voluntary sale of the homestead are exempt from the payment of debts for [only] a limited period of time, by virtue of a statute specifically enacted for that purpose, while the insurance money is protected by that section of the Constitution which exempts the homestead itself." *Id.*

The clear language of § 41.001(c) applies a six-month limitation on the homestead exemption for proceeds from the *sale* of that homestead. As explained by the Texas Court of Civil Appeals in *Johnson*, there is a distinction between voluntary conversion of a homestead to sales proceeds in a sale of the homestead and the involuntary conversion of a homestead to insurance proceeds when the homestead is

damaged or destroyed. As a result, the six-month limitation in § 41.001(c) does not apply to insurance proceeds.

## IV.     CONCLUSION

Having reviewed the full record in this case and having applied relevant legal authorities, the Court concludes *de novo* that the Bankruptcy Court's ruling on the Trustee's objection to Debtor's claimed homestead exemption was correct. Accordingly, the Bankruptcy Court's Memorandum Opinion is **AFFIRMED**. The Court will issue a separate final order.

SIGNED at Houston, Texas this 23rd day of **July, 2012**.

Nancy F. Atlas
United States District Judge